IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAMMY HALLING,<br><br>Defendant. | Cause No. CR 5-106-GF-BMM<br><br>ORDER |

Defendant Tammy Halling moved the Court to allow her to serve the remainder of her sentence on home confinement under 18 U.S.C. § 3582(c)(1)(A)(i). (Docs. 208; 214). Halling is currently serving a sentence of 110 years, or 1,320 months, on three counts of sexual exploitation of children and one count of distribution of child pornography. *See* Amended Judgment (Doc. 194). She has served approximately 16 years and 10 months of her sentence. (Doc. 208 at 2). Her scheduled release date is May 7, 2099. *See* Inmate Locator, www.bop.gov/inmateloc (accessed June 6, 2022).

Halling is currently incarcerated at Aliceville FCI. *Id.* Aliceville FCI is operating at a Level 2 Modified Operational Level as a result of a nationwide surge of COVID-19 cases resulting from the Omicron variant. *See* Modified Operational

1

Levels, www.bop.gov/coronavirus/ (accessed June 6, 2022). Aliceville FCI has no inmates and no staff members currently dealing with COVID-19 and has had 294 inmate and 22 staff member COVID-19 cases throughout the course of the pandemic. *See* COVID-19 Cases, www.bop.gov/coronavirus/ (accessed June 6, 2022).

After considering the factors of 18 U.S.C. § 3553(a), the Court may reduce Halling's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (i); *see also* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A). The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The guideline contemplates that a defendant's medical condition might constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The defendant must also show that she "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person,

2

including . . . the person's character [and] physical . . . condition." 18 U.S.C. § 3142(g)(1), (3)(A).

Halling is now 53 years old. *See* Inmate Locator, www.bop.gov/ inmateloc (accessed June 6, 2022). Halling asserts that she suffers from obesity, diabetes, high blood pressure, and high cholesterol. (Doc. 215 at 6). Halling also claims to suffer sleep apnea, chronic pelvic inflammatory disease, hypothyroidism, trigger finger, frozen shoulder, diabetic neuropathy. *Id.* Halling also claims to suffer from ademia, a heart murmur, lower back pain, tinea unguimum, and an abnormal gait. *Id.* Halling argues that her health conditions warrant compassionate release as they put her at great risk should she contract COVID-19. *Id.* at 7. Halling also cites the programs that she has completed while in custody as further support for her petition. *Id.* at 9.

### B. Section 3553(a) Factors

The 18 U.S.C. § 3553(a) factors counsel against granting Halling compassionate release, despite her health issues. Halling has served less than a quarter of her imposed sentence. (Doc. 194). Halling's release so early in her sentence would undermine the seriousness of the offense and fail to provide just punishment. 18 U.S.C. § 1355(a)(2)(A).

Both the circumstances of Halling's offense and her history as an offender

3

further discourage granting her release at this time. 18 U.S.C. § 1355(a)(1). Halling's sentence includes the sexual exploitation of three children, including her own daughters. (Doc. 207 at 3). Forensic analysis of Halling's computer showed that she ran chat sessions with viewers, instructed the girls what to do in front of a webcam, including simulating oral-genital intercourse, and took payment through PayPal. *Id.* Halling's leading role in the offenses for which she was convicted indicates that she likely continues to pose a threat to her community were she to be released.

## C. Conclusion

Considering all the relevant circumstances, Halling does not make a strong showing of an extraordinary and compelling circumstance. Reducing her sentence to time served is not appropriate.

Accordingly, **IT IS ORDERED** Halling's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 208, 214) are **DENIED**.

DATED this 7th day of June, 2022.

_____
Brian Morris, Chief District Judge
United States District Court