# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAMMY HALLING,<br><br>Defendant. | Cause No. CR 05-106-GF-BMM<br><br><br>**ORDER** |

## INTRODUCTION

Defendant Tammy Halling ("Halling") filed a motion for compassionate release on March 27, 2024. (Doc. 239.) Halling's counsel filed a supplemental brief in support of Halling's motion on May 17, 2024. (Doc. 247.) Halling argues that the combination of her medical issues, post-sentencing rehabilitation, and disproportionately long sentence constitutes extraordinary and compelling reasons for a sentence reduction. (Doc. 239 at 3; Doc. 247 at 7–11.) The Government opposes Halling's motion. (Doc. 250.) The Government argues that Halling has not provided extraordinary and compelling reasons justifying a sentence reduction and a refusal to accept responsibility warrants a denial of the motion. (Doc. 250.)

## FACTUAL BACKGROUND

The Government filed an indictment on September 12, 2005, charging Halling with two counts of Sexual Exploitation of Children in violation of 18 U.S.C. §

1

2251(a), one count of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(b), and one count of Distribution of Child Pornography in violation of 18 U.S.C. § 2253. (Doc. 1.) The Court found Halling guilty on all counts after a bench trial on February 23, 2006. (Doc. 111.) Halling's offense level was 43 and her criminal history score placed her in category I. (Doc. 195 at 1.) The Court sentenced Halling to the custody of the Bureau of Prisons ("BOP") for 30 years on Count I, 30 years on Count II, 30 years on Count III, and 20 years on Count IV, with sentences on all counts to run consecutively. (Doc. 128.)

Halling filed a motion for compassionate release in 2020, citing COVID-19 and medical conditions as grounds for a sentence reduction. (Doc. 198.) The Court denied Halling's motion (Doc. 207.) Halling filed another motion for compassionate release in January of 2022, again citing COVID-19 and medical conditions. (Doc. 208.) The Court denied Halling's motion. (Doc. 221.) Halling has served 19 years of her 110-year term of imprisonment. Halling's projected release date is May 7, 2099. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed June 27, 2024). Halling is incarcerated at FMC Carswell in Fort Worth, Texas. *See id.*

## DISCUSSION

I.   **Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558,

The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023.

3

"The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

The amendments provide that:

Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—

   . . .

   (B) The defendant is—
      (i) suffering from a serious physical or medical condition,

      (ii) suffering from a serious functional or cognitive impairment, or
      (iii) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   . . .

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 3. The catchall "other reasons" provision reflects the USSC's belief that "guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts." *Id.* at 10. The "unusually long sentence" provision applies where there have been non-retroactive changes to the law. *Id.* This provision recognizes that "[o]ne of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences." *Id.* at 11 (citing S. REP. NO. 98–225 (1983)). USSG § 1B1.13(b).

### A. Reason for Reduction
#### a. Medical Condition

Halling is 56 years old. Halling asserts she has type 1 diabetes, high blood pressure, a heart murmur, background diabetic retinopathy, diabetic neuropathy, pre-

glaucoma, high cholesterol, and thyroid disorder. (Doc. 239 at 1; Doc. 247 at 6.) Halling also asserts that she is in constant pain and has gait problems due to neuropathy and arthritis. (Doc. 239 at 1.) Halling was in quarantine at the time the supplemental brief was filed due to getting COVID for the third time. (Doc. 247 at 6.) Halling further asserts that her current setting is unhealthy for someone with such poor health even after a move from a less medically equipped prison. (*Id.* at 7.)

The Government contends that Halling's current medical conditions have not changed since sentencing or her last motion for compassionate release. (Doc. 250 at 5.) The Government also contends that Halling's ability to provide self-care has not been diminished. (*Id.* at 10.) The Government further argues that the BOP has worked extensively with Halling to meet her medical needs. (*Id.* at 11.) The Government argues that Halling has failed to establish support for a compassionate release based on her medical condition. (*Id.*)

Halling's medical conditions alone do not constitute extraordinary and compelling reasons. Halling's medical conditions do not appear to diminish her ability to provide self-care in a correctional facility. (Doc. 207; Doc. 221.) Halling has been a diabetic for over forty years and in prison for almost twenty years. (*Id.*) Although Halling's use of medication has increased since her arrest, Halling's medical issues appear to be adequately managed despite Halling's custodial status. (*Id.* at 3.) The BOP has placed Halling in a federal medical center. That placement

appears to provide Halling with an appropriate level of care in managing her medical conditions. The medical records submitted by Halling indicate some fluctuation in her blood glucose levels. The records also show, however, consistent monitoring of Halling's AIC level, adjustments to Halling's insulin prescription in response to high AIC levels, and prescriptions for medical supplies and medications for diabetes-related conditions. (*See* Doc. 249-2 at 3, 24, 34, 59, 68, 89–121).

Halling fails to show that her conditions render her unable to walk, shower, eat, or otherwise provide for herself while in custody. (*Id.*) In fact, Halling's motion indicates that Halling has remained employed and capable of working despite her medical conditions. (Doc. 239 at 3; Doc. 239-1 at 5.) The Court recognizes the heightened difficulty that custody imposes on inmates in managing medical conditions. The Court finds, however, that BOP providers seem to be managing Halling's conditions. Based on the records, the Court finds no evidence that Halling's medical conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," USSG § 1B1.13(b)(1)(B), or "require[] long-term or specialized medical care that is not being provided." USSG § 1B1.13(b)(1)(C). The Court cannot find that Halling's medical conditions rise to the level of extraordinary and compelling circumstances for a sentence reduction.

### b. Sentencing Disparity

7

Halling must demonstrate that extraordinary and compelling reasons support a reduction of her sentence. *United States v. Maumau,* No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *5 n.3 (D. Utah Feb. 18, 2020). Halling asserts that the sentence she received is greatly disparate compared to her co-defendant (A.H.). (Doc. 239 at 1.) Halling also asserts that the only difference between Halling and her co-defendant is that A.H. took a plea agreement. (*Id*.) Halling received a 110-year sentence (1320 months), and A.H. received a 22.5-year sentence. (*Id*.) Halling's co-defendant has been released from her sentence and is on supervised release. (Doc. 247 at 15.)

The Government contends that Halling has refused to accept responsibility and attempted to evade responsibility by asking her child to recant. (Doc. 250 at 13.) The Government also contends that there is evidence that Halling had a primary role in exploiting her children. (*Id*.) The Government further argues that the difference in sentencing between Halling and her co-defendant do not constitute an "extraordinary or compelling" reason. (*Id*. at 12.)

The Judiciary Sentencing Information platform provides a calculation of average and median terms of imprisonment for defendants with primary guideline § 2G2.2, a total offense level of 43, and a criminal history category of I. *See* USSC, *Judiciary Sentencing Information (JSIN)* https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed June 21, 2024). Those defendants averaged a term of

imprisonment of 320 months. (*Id.*) Defendants with primary guideline § 2G2.1, a total offense level of 43, and a criminal history category of I, averaged a term of imprisonment of 348 months. (*Id.*)

The Court recognizes that Halling's sentence proves long when compared to her co-defendant and other defendants convicted of the same offense. Halling received a sentence nearly 5 times longer than her co-defendant. Halling received a sentence approximately 4 times longer than similarly situated defendants sentenced for the same offense. Halling's role as a parental figure and her refusal to accept responsibility contribute to the disparity. The Court finds, however, that the length of Halling's sentence is unusually long, and warrants reconsideration when considered with other factors.

The substantial duration of Halling's custodial sentence reflects the heinous nature of Halling's offense. Halling sexually exploited her thirteen-year-old daughter and the friends of her thirteen-year-old daughter. Halling took nude pictures of children and encouraged the children to engage in sexually explicit webcam videos for Halling's profit. Halling maintains her innocence and argues that her co-defendant was the "catalyst" in the child exploitation scheme and Halling had minimal to no involvement. (Doc. 251 at 3–5.) Halling already has presented this argument to the Court and to the Ninth Circuit, both of which rejected her theory of the case. Moreover, Halling ignores her role as the parental figure of the household

9

in which the conduct occurred. Halling's position of authority and her caretaking role represent aggravating factors that justify a harsher sentence.

The Court recognizes also that USSG § 1B1.13(b)(6) for "unusually long sentences" applies where changes in the law render a sentence grossly disparate to those sentences likely to be imposed for the same offense. Halling does not argue that a change in the law exists, and the Court remains unaware of any change in the law that would permit a sentence reduction under USSG § 1B1.13(b)(6). The Court recognizes that Congress passed 18 U.S.C. § 3582(c)(1)(A) with the express purpose of providing a "narrow avenue for judicial relief from unusually long sentences." USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 11 (citing S. REP. NO. 98–225 (1983)).

The Court also notes, however, that Congress delegated to the USSC the issuance of a policy statement regarding what constitutes extraordinary and compelling circumstances. The USSC now has issued a policy statement applicable to defendant-filed motions that addresses "unusually long sentences" only with respect to changes in the law. The Court finds that while Halling certainly received a sentence much longer than others convicted of the same offense, the long duration of her sentence, alone, does not rise to the level of extraordinary and compelling circumstances as outlined by USSG § 1B1.13(b).

### c. Post-Sentencing Rehabilitation

10

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Halling has submitted evidence of the substantial rehabilitative programming that she has engaged in while incarcerated. The record shows that Halling has completed various educational and vocational trainings, including criminal thinking, financial education, conflict resolution, real estate, and industry soldering. (Doc. 239-1 at 1.) The Court commends Halling on her engagement and participation in such programs. The Court also notes that Halling's disciplinary record while in prison has remained relatively clear. Outside of one-write up in 2018, Halling received no write-ups from 2014 through 2021. (Doc. 249-3.) Halling also appears to have had no disciplinary infractions for the last two years. (*Id.* at 2.) The Court commends Halling on this good behavior. The Court recognizes, however, that rehabilitation alone cannot serve as the basis for a sentence reduction under 28 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).

Halling's medical circumstances, her sentence length, and her post-sentence rehabilitation individually fail to rise to the level of extraordinary and compelling reasons for a sentence reduction. Halling's medical circumstances, sentence length, and post-sentencing rehabilitation, when considered in combination, warrant consideration of sentence reduction. The Court commends Halling's progress and steps towards rehabilitation. The Court also recognizes the lengthy sentence imposed

11

on Halling and the difficulties that custody poses for managing chronic medical conditions like diabetes.

## CONCLUSION

Halling has demonstrated extraordinary and compelling reasons exist for a sentencing reduction under 28 U.S.C. § 3582(c)(1)(A). The Court will adjust Halling's sentence accordingly: 120 months on Count I; 120 months on Count II; 120 months on Count III; and 120 months on Count IV to run consecutively.

## ORDER

Accordingly, **IT IS ORDERED** that Halling's motion for compassionate release (Doc. 239; Doc. 247) is **GRANTED in part.** Halling's sentence is reduced from 360 months to 120 months on Count I, from 360 months to 120 months on Count II, from 360 months to 120 months on Count III, and from 240 months to 120 months on Count IV. All counts will remain consecutive.

DATED this 21st day of February, 2025.

_____
Brian Morris, Chief District Judge
United States District Court